**Jose de Jesus Coronel VELAZQUEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72322.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007.*

Filed March 16, 2007.

Raul Gomez, Esq., Law Office of Raul Gomez, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Patricia A. Smith, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM **

Jose de Jesus Coronel Velazquez, a native and citizen of Mexico, petitions for review of the Board of Immigration Ap-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

peals' ("BIA") decision dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's determination regarding continuous physical presence in the United States, *Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 850–51 (9th Cir. 2004), and we deny the petition for review.

Substantial evidence supports the BIA's conclusion that Velazquez failed to establish his continuous physical presence in the United States during the 10 years prior to service of the notice to appear on November 26, 1997. *See* 8 U.S.C. § 1229b(b)(1)(A), (d)(1). Velazquez offered no documentary evidence of his entry or presence in 1987, and neither he nor his uncle were able to explain why they recalled that Velazquez arrived in 1987 rather than 1988. Further, on his asylum application Velazquez gave 1988 as his first entry date.

We decline to consider Velazquez's due process contentions regarding the IJ's hardship finding because the BIA's physical presence finding is dispositive and the BIA did not make a ruling on the IJ's hardship finding.

**PETITION FOR REVIEW DENIED.**